JOHNSON, receiver, etc., appellant, v. MARTIN *et al.*

*Receiver — sureties — bond.*

In an order of a county judge appointing a receiver, in supplementary proceedings, the receiver was required to execute a bond with sureties. *Held*, that at least two sureties were required, and an obligation under seal; and the execution and filing of an instrument in the form of a bond, not sealed, and signed by only one surety, did not authorize the receiver to act.

APPEAL by the plaintiff from a judgment of nonsuit rendered at special term, upon the ground that plaintiff not having filed a proper bond was not entitled to sue as receiver. The facts appear sufficiently in the opinion.

*J. B. Finch*, for appellant. The appointment of plaintiff as receiver was effectual and authorized him to bring the action. Code, § 298; *Rogers* v. *Corning*, 44 Barb. 229; *Bostwick* v. *Menck*, 40 N. Y. 383; *Broad* v. *Wickham*, cited in 1 Smith's Ch. Pr. 500; *Verplanck* v. *Mercantile Ins. Co.*, 2 Paige, 438; *Wilson* v. *Wilson*, 1 Barb. Ch. 594; *Steele* v. *Sturges*, 5 Abb. 442.

The objection to the bond cannot be raised by defendant. *Tyler* v. *Willis*, 33 Barb. 327; *Tyler* v. *Whitney*, 12 Abb. 465; *Sperling* v. *Levy*, 10 id. 426.

The receiver filed the security required by the order. *Kelly* v. *McCormick*, 28 N. Y. 318; *United States* v. *Linn*, 15 Pet. 290; *Ward* v. *Whitney*, 8 N. Y. 442.

*D. H. Bolles*, for respondent. The instrument did not comply with the order, having but one surety and not being sealed. Burrill's Law Dict., title " Surety; " id., title " Bond; " *People* v. *Wiley*, 3 Hill, 194.

Defendant could raise the objection. *Bank of Havana* v. *Magee*, 20 N. Y. 359.

The defect in the complaint is available on appeal, though not raised by demurrer. *Gillett* v. *Fairchild*, 4 Denio, 80; *Dayton* v. *Connah*, 18 How. 326.

E. D. SMITH, J. The plaintiff is a receiver appointed by the county judge of Cattaraugus county in supplemental proceedings upon four judgments. The action was brought to set aside transfers of property by the judgment debtor. The action being at issue was tried at the special term, and the plaintiff nonsuited upon the ground that he has not complied with the orders appointing him receiver, by the execution of a bond with sureties. He had executed an obligation in each of said suits in the form of a bond, with one surety and without seals.

It was objected that this was not a compliance with the order appointing him, and the circuit judge sustained the objection and directed a nonsuit.

The appointment of a receiver is perfected by the filing of the order for his appointment with the report of the referee and the security required by such order and report. In this case the order of the county judge required the receiver to execute a bond, with sureties. No title passed and no authority as receiver was conferred or

existed till the receiver named in the order complied with the order for his appointment. Thompson on Provisional Remedies, 477, 480; *Banks* v. *Potter*, 21 How. 469; *Conger* v. *Land*, 19 id.; *Voorhees* v. *Seymour*, 26 Barb. 569.

Two sureties, at least, were required by the terms of the order, and it is usual to require two (Edw. on Receiver, 89), but the court may dispense with two and take one. *Case of Mechanics' Fire Ins. Co.*, 5 Abb. 446. The security is usually by bond. The order required a bond in this case, which meant an obligation under *seal*. Nothing else is a bond.

The receiver in this instance clearly did not comply with the order, and his appointment, therefore, was not complete, and he had no right to sue.

The nonsuit was properly ordered, and the judgment should be affirmed.

*Judgment affirmed.*